## JONES v. MIDGLEY et al.

(Court of Appeals of District of Columbia.
Submitted January 16, 1925. Decided
April 6, 1925.)

No. 1718.

1. Patents ☞113(7)—Court will not disturb concurrent findings of Patent Office tribunals, unless clearly erroneous.

Court of Appeals will not disturb concurrent findings of Patent Office tribunals, unless clearly erroneous.

2. Patents ☞91(4)—Evidence held to sustain finding of priority, and that such right was not lost by concealment or suppression.

Evidence *held* to sustain finding of priority of invention of tire vulcanizing core, and that such right was not lost by concealment or suppression.

Appeal from Commissioner of Patents.

Interference proceeding between William Martin Jones, Jr., and Thomas Midgley and Ralph B. Naylor. From decision awarding priority to the latter parties, the former appeals. Affirmed.

W. M. Jones, Jr., of Rochester, N. Y., in pro. per.

E. C. Taylor, of Chicopee Falls, Mass., and W. L. Edmonston, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents awarding priority of invention of the count in issue to the appellees who are the junior parties.

The invention relates to the vulcanizing of pneumatic tires or casings by the use of a hollow iron annulus or core, so constructed as to permit of the continuous passage of steam or hot water practically through its entire circumference, thus applying heat to the inside of the casing leaving the outside to be otherwise treated. The count in issue reads as follows:

"A tire-vulcanizing core, a tubular annulus having a partition therein and having a continuous passage throughout its circumferential extent from one side to the other side of said partition, a fluid inlet at one side of and adjacent to said partition, and a fluid outlet at the other side of and adjacent to said partition, said fluid outlet and fluid inlet extending inwardly of the core, so that these fluid carrying elements extend between the beads of the tire casing, when the core is in the casing, and so that the current of fluid can be effected substantially through the circumferential extent to the core for the purpose specified."

[1] The questions presented upon this appeal are primarily questions of fact, and they have been decided against the appellant by three concurrent findings of the tribunals of the Patent Office. Under well-established rules of practice, this court will not disturb such a decision, unless clear error has intervened to the prejudice of the appellant. We do not find such error in the record.

[2] The appeal in effect raises three questions: First, whether the appellees in fact were prior to the appellant in respect to the time of the invention; second, whether the appellees were joint inventors as claimed by them; and, third, whether the appellees lost their rights as inventors by reason of an alleged concealment and suppression of the invention.

The evidence fully discloses that the appellees in fact conceived the invention on December 16, 1918, with disclosure and reduction to practice within a few days thereafter, followed by a commercial production and use of the cores in the month of January, 1919; whereas February 6, 1919, was the date of conception and disclosure by the appellant, who, however, made no core embodying the invention prior to his application for a patent on January 30, 1920, and who never manufactured any such cores for use or sale. It is shown that large numbers of cores were constructed for appellees and used by them industrially in the vulcanizing of tires throughout the years 1919 and 1920; in fact, more than 300 cores were in commercial use by appellees within a year after their date of conception. It is also clear that no effort was made by appellees to conceal or suppress the invention, but that cores were obtained in large numbers on order from an outside firm, and were used openly in the commercial production of tires. It appears, moreover, that the appellees filed as joint inventors, and that their claim in that particular is consistent with the fair import of the evidence in the case.

We therefore hold that priority of invention was properly awarded to the appellees, and affirm the decision of the Commissioner.